COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:       Iririan Salinas v. The State of Texas

Appellate case number:    01-13-00552-CR

Trial court case number:   1854915

Trial court:               County Criminal Court at Law No. 14 of Harris County

Appellant's brief was originally due on August 8, 2013. On February 6, 2014, we abated this appeal for the trial court to determine if appellant's retained trial counsel intended to represent appellant on appeal. The trial court held a hearing on our abatement order on March 25, 2014. At the hearing, appellant stated that trial counsel no longer represented him and that he had hired appellate counsel, Angela McKinnon. Counsel McKinnon further notified the trial court that she had been retained and had filed an attorney of record form in the trial court.

On April 17, 2014, we reinstated this appeal and ordered that appellant's brief be filed by no later than April 24, 2014.[1] On April 22, 2014, appellant filed a motion requesting a 45-day extension of time to file his brief. On May 15, 2014, we granted appellant's motion, ordered his brief be filed by June 9, 2014, and notified appellant that no further extensions of time for filing his brief would be granted.

On June 16, 2014, counsel McKinnon filed a motion to withdraw. On June 24, 2014, we denied the motion, ordered counsel to file a brief within 10 days of the date of the order, and notified the parties that we may abate this case to the trial court for a hearing pursuant to Texas Rule of Appellate Procedure 38.8 if a brief was not filed by July 7, 2014.

---

[1]    Pursuant to our February 26, 2014 order, the trial court ordered that appellant's "brief must be filed in this case no later than 30 days from the date of this hearing," making the deadline for filing his brief April 24, 2014.

Nevertheless, on July 7, 2014, counsel filed a "Motion for Extension of Time to File Brief." In the motion, counsel contends that she has attempted to locate the appellant but has been unable to obtain a response to her communications. Counsel therefore seeks an additional 45-day extension of time "to attempt to location [sic] appellant."

The 53-page clerk's record was filed in this appeal on July 2, 2013. The court reporter notified this Court that no reporter's record exists in this case on July 9, 2013. Therefore, the complete appellate record, which is a total of 53 pages in length, has been on file for more than one year. Nevertheless, an appellant's brief has yet to be filed. Based on the extreme delay in the filing of appellant's brief, we DENY appellant's request for an additional 45-day extension.

Further, we ORDER counsel to file a brief on appellant's behalf within 10 days of the date of this order. Counsel shall file a brief on appellant's behalf regardless of whether she is able to locate or confer with him. *See, e.g.*, *Jones v. Barnes*, 463 U.S. 745, 751–54, 103 S.Ct. 3308, 3312–14, 77 L. Ed. 2d 987 (1983) (holding that counsel generally determines which appellate arguments to raise and is not obligated to assert every claim suggested by client); *Palacios v. State*, No. 13-01-00811-CR, 2005 WL 2335185, at *3 (Tex. App.—Corpus Christi June 17, 2004) (not designated for publication) (concluding that counsel's failure to consult with client did not render counsel's assistance ineffective). Nevertheless, if counsel is unable to locate appellant in order to serve him with a copy of the brief, counsel may certify that she attempted but is unable to locate him[2] and is therefore unable to serve him with a copy of the brief. The State's brief, if any, will be due no later than 30 days after appellant's brief is filed. *See* TEX. R. APP. P. 38.6(b).

If appellant's brief is not filed within 10 days of the date of this order, we will order the trial court to hold a hearing to determine, and to make findings and recommendations regarding, whether retained counsel has abandoned the appeal and whether contempt proceedings should be initiated against appellant's counsel. *See* TEX. R. APP. P. 38.8(b)(2), (4) ("Based on the trial court's record, the appellate court may act appropriately to ensure that the appellant's rights are protected, including initiating contempt proceedings against appellant's counsel.").

It is so ORDERED.

Judge's signature: /s/ <u>Chief Justice Sherry Radack</u>
                  ☒ Acting individually     ☐ Acting for the Court
Date: July 17, 2014

---

[2]       If counsel is unable to locate appellant, she must provide his last known address and contact information and certify that she attempted to contact him and how she attempted to contact him.